Case 2:17-cv-00287   Document 23   Filed on 01/30/18 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY RAY MADRIGAL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-287 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION

Petitioner, Jimmy Ray Madrigal, is a state prisoner incarcerated at the Wynne Unit in Hunstville, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. This federal habeas action has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for case management, ruling on certain motions and making recommendations on dispositive motions.

Pending is Respondent's Motion for Summary Judgment, which was filed on November 9, 2017. (D.E. 18). Petitioner failed to file a timely response and on December 12, 2017, the undersigned entered a Memorandum and Recommendation ("M & R"), considering the merits of the pending Motion for Summary Judgment, recommending this action be dismissed as time barred by over fifteen years and/or unexhausted and a Certificate of Appealability be denied. (D.E. 19). Petitioner's objections to the December 12, 2017 M & R were due on or before December 26, 2017. (D.E. 19, Page 9). None were filed.

As stated in the December 12, 2017 M & R, Petitioner is challenging his 2001 Bee County conviction for possession of a controlled substance with the intent to deliver as

enhanced by his 1999 convictions for the same offense. (D.E. 1 and D.E. 19, Page 1, Footnote 1). On January 22, 2018, almost a month after his objections were due, Petitioner filed a document titled "Petitioner's Response to Magistrates Memorandum and Recommendation" as well as document titled "Re: Practical Difficulties Meeting the Fourteen (14) Days Time Frame of the Memorandum and Recommendation on Case Number 2:17-cv-287." (D.E. 21 and D.E. 22). In the second filing, Petitioner asserts he had difficulty submitting his objections in a timely manner as he was unable to acquire the necessary postage. (D.E. 22). While the undersigned notes the only correspondence provided by Petitioner in support of this assertion is dated on December 27, 2017, the day after Petitioner's objections were due, the undersigned submits this supplemental M & R to address Petitioner's late filed objection.

To the extent Petitioner now asserts that his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard. (D.E. 21). "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000) (other citations omitted)). However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades

the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted).

Petitioner fails to cite to any evidence in his petition or his objections showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegations. Petitioner maintains the arrest date on the relevant records is incorrect. (D.E. 21). However, he provides the Court with no evidence or explanation that he did not commit the crimes for which he was convicted. Even assuming Petitioner is correct that the arrest date listed on the arrest report is incorrect, this does not mean he was not properly convicted of the predicate offenses. Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

Based on the foregoing and the undersigned's December 12, 2017 M & R, it is respectfully recommended that Respondent's Motion for Judgment (D.E. 18) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED** as time barred and/or unexhausted. It is further recommended that a certificate of appealability be **DENIED**.

ORDERED this 30th day of January, 2018.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Supplemental Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).