United States District Court
Southern District of Texas
**ENTERED**
May 29, 2018
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| JIMMY RAY MADRIGAL, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:17-CV-287 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

# <u>ORDER</u>

On August 21, 2017, Petitioner Jimmy Ray Madrigal ("Madrigal") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. In sum, Madrigal argues that two 1999 convictions for possession with intent to deliver a marijuana were wrongly added to his criminal record.

On November 9, 2017, Respondent filed a motion for summary judgment, arguing that Madrigal's petition is time-barred and unexhausted. Dkt. No. 18. On December 12, 2017, the magistrate judge issued a Memorandum and Recommendation ("M&R") recommending that the Court grant Respondent's motion and dismiss the case. Dkt. No. 19.

On December 22, 2018, Madrigal provided untimely evidence that the two marijuana convictions were mistakenly added to his criminal record and that he was not the defendant in those cases. Dkt. Nos. 20, 21. On January 30, 2018, he magistrate judge issued a supplemental M&R, again recommending that the Court grant Respondent's motion for summary judgment and dismiss the case. Dkt. No. 23.

On April 18, 2018, the Court granted Madrigal leave to submit his untimely evidence and ordered Respondent to respond to Madrigal's evidence and provide her own evidence that Madrigal was the defendant in each defense listed in his criminal history. Dkt. No. 28.

On May 7, 2018, Respondent filed its response to the court order. Dkt. No. 29. In it, Respondent stated that "[a]fter additional investigation, the Director has determined that the convictions in question . . . were incorrectly included in Madrigal's conviction history since May of 2016" and that "Madrigal's TDCJ records have since been corrected to exclude these two convictions." *Id.* at 2. To her response, Respondent attached an affidavit of Brittney Vest ("Vest"), Program Supervisor III for the TDCJ Classification and Records Department. Dkt. No. 29-1. Vest states that the two marijuana convictions were inadvertently added to Madrigal's criminal record on May 2, 2016, and have since been removed. *Id.* at 4. The Court also takes judicial notice that the two convictions no longer appear in Madrigal's criminal history on the TDCJ online offender search. *See* https://offender.tdcj,texas.gov/OffenderSearch/index.jsp.

Respondent argues that Madrigal's claim "is now moot since Madrigal's record has been corrected." Dkt. No. 29.

The Court agrees. The government has granted Madrigal the relief he seeks—removing the erroneous 1999 convictions from his criminal record. His claim is therefore moot. *See Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) ("A claim is moot when a case or controversy no longer exists between the parties.") (citing *Bd. Of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975)).

Accordingly, the Court **DECLINES TO ADOPT** the magistrate judge's M&Rs, Dkt. Nos. 19, 23, **DENIES AS MOOT** Respondent's motion for summary judgment, Dkt. No. 18, and **DISMISSES AS MOOT** the above-captioned case. Final judgment will be entered separately.

SIGNED this 29th day of May, 2018.

Hilda Tagle
Senior United States District Judge